## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **KATHLEEN VILFROY**<br>28180 Oregon Road  #853<br>Perrysburg, Ohio  43551<br><br>        Plaintiff,<br><br>v.<br><br>**HCR MANORCARE, INC.**<br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way  Suite 125<br>Columbus, Ohio  43219<br><br><br><br>        Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY &<br>HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff,<br>Kathleen Vilfroy |

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202 known as this Court's federal question jurisdiction.  This is an action for a violation of 29 U.S.C. Sections 621 et seq., known as the Age Discrimination in Employment Act.  The jurisdiction of this Court is also invoked pursuant to the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq. as well as pursuant to Title VII of the

Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. This action, in part, is one for money damages, and for injunctive relief resulting from an alleged unlawful failure to accommodate and an unlawful adverse termination of Plaintiff's employment. Plaintiff also brings claims under the Family and Medical Leave Act, 29 U.S.C. Sections 2601, 2615 and 2617 for discrimination and retaliation. Plaintiff also invokes this Court's supplemental jurisdiction over state law statutory claims for disability and gender based discrimination.

## PARTIES

2. Plaintiff, Kathleen Vilfroy, is a female citizen of the United States and a resident of the City of Perrysburg, State of Ohio. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act, ADA and the ADAAA, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Chapter 4112 of the Ohio Revised Code in that the Defendant has at all times material hereto employed more than fifty (50) employees.

3. Defendant, HCR Manorcare, Inc, is a non profit corporation organized under the laws of the State of Ohio headquartered in the State of Ohio, Lucas County where Plaintiff was employed. Defendant is a wholly owned subsidiary of Promedica. Defendant was at all times material hereto an employer within the meaning of the Family and Medical Leave Act, the ADA and ADAAA, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Chapter 4112 of the Ohio Revised code. Defendant at all times material hereto employed more than fifty (50) employees.

## FACTS

4. Plaintiff was employed by Defendant since May 15, 2008, most recently as a Billing Specialist.

5. Plaintiff is currently sixty-six (66) years of age and is a female individual.

6. On November 18, 2018, Plaintiff's mother suffered an initial stroke following Plaintiff's younger brother's suicide. Plaintiff was off of work to care for her mother from that point until her death on May 16, 2019. She returned on November 26, 2018 and was off from December 19, 2018 until December 30, 2018. She then worked until January 11, 2019. Plaintiff then took a short term leave of absence until March 24, 2019. Her doctor then returned her to work on her FMLA certification on April 8, 2019. After March 24, 2019, Plaintiff began petitioning her employer for unpaid leave as an accommodation for her condition and to care for her mother. Plaintiff was also under a physician's care. Although Plaintiff had been under her physician's care for some time during the years that she was employed with Defendant, the level of care significantly increased after her brother death. Plaintiff's employer denied her request when she submitted a doctor's slip returning her to work on January 1, 2020. In a letter dated July 29, 2019, Plaintiff's employer wrote Plaintiff advising her that it was in receipt of certification paperwork that she provided on July 24, 2019 and that this paperwork needed to provide an estimated return to work date. She was given until August 2, 2019 to provide this return date. The employer denied Plaintiff's request on August 1, 2019, and it also terminated her employment. Defendant's correspondence to Plaintiff actually had extended her leave into December of 2019.

7. Plaintiff states that she made Defendant aware of her conditions of severe depression, anxiety and depression along with her persistent requests for accommodation via FMLA paperwork and medical slips provided. Plaintiff states that her condition is a disability under the

3

Americans with Disabilities Act and its Amendments as it significantly impacts a range of major life activities, including but not limited to working, concentrating, speaking, interacting with others, and a broad range of everyday activities.  Plaintiff states that despite her impairment, she was and is able to perform her job duties with reasonable accommodation.

8. Plaintiff also states that she was associated with a person with a disability, her mother, who had suffered a stroke requiring Plaintiff to provide her care and take off of work.

9. Defendant states that she was and is a qualified person with a disability within the meaning of the ADA and ADAAA and within the meaning of Ohio Revised Code Chapter 4112 and a qualified person with a disability by association within the meaning of the ADA and ADAAA.

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination and Disability Harassment against Defendant**
**Americans With Disabilities Act and ADAAA, 42 U.S.C. Sections 12101, et seq.**

10. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nine (9) of this Complaint, supra, by reference in its entirety as if fully restated herein.

11. Plaintiff states that on September 30, 2019, she filed a charge of discrimination with the United States Equal Employment Opportunity Commission, Charge Number 22A-2020-00003 on the bases of disability, associational disability, age and gender.  A copy of this charge is hereto annexed and marked as Exhibit "A" and specifically incorporated by reference as if fully restated herein.  On March 5, 2020, the District Office Director of the EEOC mailed Plaintiff a Notice of Right to Sue advising her of her right to file suit in an appropriate State or Federal Court within 90 days of her receipt of said notice which notice she received on or after March 6, 2020.  A copy of said notice is hereto annexed as Exhibit "B."

12. Plaintiff states that she is a disabled individual within the meaning of the Americans With Disabilities Act. Plaintiff states that she made Defendant aware of her conditions of severe depression and anxiety along with her persistent requests for accommodation Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled. Although disabled, Plaintiff was able to safely and substantially perform the essential functions of her job with an accommodation. Defendant was aware of Plaintiff's record of impairment, as Plaintiff had made persistent requests for accommodation. Plaintiff states that her condition is a disability under the Americans with Disabilities Act and its Amendments as it significantly impacts a range of major life activities, including but not limited to working, concentrating, speaking, interacting with others, and a broad range of everyday activities. Plaintiff states that despite her impairment, she was and is able to perform her job duties with reasonable accommodation. Defendant states that she was and is a qualified person with a disability within the meaning of the ADA and ADAAA. Plaintiff was meeting and/or exceeding all of Defendant's legitimate expectations in her position when she was terminated.

13. Plaintiff states that on March 24, 2019, she was subjected to different terms and conditions of employment, recorded breaks, denied promotions, denied reasonable accommodation, and terminated on August 1, 2019.

14. Plaintiff states Defendant's actions violated Plaintiff's rights under the Americans With Disabilities Act and the ADAAA made actionable pursuant to 42 U.S.C. Sections 12101 et seq.

15. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, the loss of her job position, lost wages, a demotion, diminished health and other benefits, loss of seniority, harassment, and great mental and

emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Disability by Association
### Americans With Disabilities Act and ADAAA, 42 U.S.C. Sections 12101, et seq.

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17. On November 18, 2019, Plaintiff's mother suffered an initial stroke. Plaintiff was off of work to care for her mother intermittently until January 11, 2019. Plaintiff then took a short term leave of absence until March 24, 2019. Her doctor then returned her to work on her FMLA certification on April 8, 2019. After March 24, 2019, Plaintiff began petitioning her employer for unpaid leave as an accommodation for her condition and to care for her mother.

18. Plaintiff was in a position where she had to provide care to her mother during her mother's stroke. The Defendant not only failed to accommodate Plaintiff's request for an accommodation to care for her mother, but the Defendant embarked on a campaign to harass her, making her record her breaks and denying her promotions and ultimately terminating her employment on August 1, 2019. Plaintiff also was required to provide care for her daughter Emily who had been diagnosed at age 3 with Auspergers Syndrome with five additional diagnoses including Post Traumatic Stress Disorder, ADHD, pervasive development disorder, and opposition defiance disorder and obsessive compulsive disorder. Defendant was fully aware of Plaintiff's mother's and daughter's conditions.

19. Defendant has intentionally discriminated against Plaintiff on the basis of her association with disabled individuals in violation of the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq.

20. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, the loss of her job position, lost wages, a demotion, diminished health and pension benefits, loss of seniority, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Disability Discrimination and Disability Harassment against Defendant
### Ohio Revised Code Sections 4112.02(A) and 4112.99 as amended

21. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty (20) of this Complaint, supra, by reference in its entirety as if fully restated herein.

22. Plaintiff states that she is a disabled individual within the meaning of the Ohio Revised Code Section 4112.01(a)(13).  Plaintiff states that she made Defendant aware of her conditions of severe depression and anxiety along with her persistent requests for accommodation.  Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.  Although disabled, Plaintiff was able to safely and substantially perform the essential functions of her job with an accommodation. Defendant was aware of Plaintiff's record of impairment, as Plaintiff had made persistent requests for accommodation. Plaintiff states that her condition is a disability under the Americans with Disabilities Act and its Amendments as it significantly impacts a range of major life activities, including but not limited to working, concentrating, speaking, interacting with others, and a broad range of everyday activities.  Plaintiff states that despite her impairment, she was and is able to perform her job duties with reasonable accommodation.  Defendant states that she was and is a qualified person with a disability within the meaning of Ohio Revised Code

Chapter 4112.  Plaintiff was meeting and/or exceeding all of Defendant's legitimate expectations in her position when she was terminated.

23. Plaintiff states that prior to and March 24, 2019, she was subjected on a continuing basis to different terms and conditions of employment, recorded breaks, denied promotions, denied reasonable accommodation, and terminated on August 1, 2019. The discrimination went back even prior to 2016 and continued during the remainder of Plaintiff's employment.

24. Plaintiff states Defendant's actions violated Plaintiff's rights under Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability discrimination and harassment.

25. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, the loss of her job position, lost wages, a demotion, diminished health and other benefits, loss of seniority, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq.

26. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-five (25) of this Complaint, supra, by reference in its entirety as if fully restated herein.

27. Plaintiff states that on September 30, 2019, she filed a charge of discrimination with the United States Equal Employment Opportunity Commission, Charge Number 22A-2020-00003 on the bases of disability, associational disability, age and gender.  A copy of this charge is hereto annexed and marked as Exhibit "A" and specifically incorporated by reference as if fully restated herein.  On March 5, 2020, the District Office Director of the EEOC mailed Plaintiff a Notice of Right to Sue advising her of his right to file suit in an appropriate State or Federal

Court within 90 days of his receipt of said notice which notice she received on or after March 6, 2020.  A copy of said notice is hereto annexed as Exhibit "B."

28.     Plaintiff is currently sixty-six (66)  years of age and within the age group protected by 29 U.S.C. Sections 621 et seq., known as the Age Discrimination in Employment Act of 1967.

29.     Prior to and before March 24, 2019,  the Defendant embarked on a continuing campaign to harass Plaintiff, making her record her breaks and denying her promotions, providing different terms and conditions of employment and ultimately terminating her employment on August 1, 2019.  Defendant took these actions on the basis of her age.  Similarly situated substantially younger employees were much more favorably treated. Further, upon information and belief, Plaintiff was replaced by a significantly younger individual and/or her discharge permitted the retention of significantly younger employees.

30. Defendant has wilfully discriminated against Plaintiff because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 et seq.

31.     As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, the loss of her job position, lost wages, a demotion, diminished health and other benefits, loss of seniority, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

### FIFTH CLAIM FOR RELIEF

**Family and Medical Leave Act Discrimination/Retaliation  29 U.S.C. Sections 2601 et seq.**

32.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this Complaint, supra, by reference in its entirety as if fully restated herein.

33. Plaintiff states that during her employment with Defendant she sought and took Family and Medical Leave for her psychiatric conditions of clinical depression and anxiety. This covered various time frames from 2016 and most recently time frames from July of 2018 into December of. 2019. Previously on a number of occasions, Plaintiff attempted to take FMLA for herself and to care for her Mother and her daughter Emily's serious health condition. Plaintiff was told that she had to keep a record of her own time and send to her employer every month for review. She was never given completed paperwork indicating whether or not FMLA requests were approved. These requests for FMLA were often overlooked leading to Plaintiff accumulating discipline for attendance. Moreover, on or after March 24, 2019, the Defendant embarked on a campaign to harass Plaintiff, continuing a practice since 2016 of making her record her breaks and sending emails when she left her desk and denying her promotions, providing different terms and conditions of employment and ultimately terminating her employment on August 1, 2019.

34. Plaintiff states that in taking its action against Plaintiff, the Defendant interfered with her rights under the Family and Medical Leave act and discriminated against and retaliated against Plaintiff for her use and attempted use of her Family and Medical Leave. Plaintiff states that the Defendant wilfully interfered with and retaliated against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. Sections 2601 et seq. including but not limited to 29 U.S.C. Sections 2615 and 2617.

35. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, the loss of her job position, lost wages, a demotion, diminished health and other benefits, loss of seniority, harassment, and great mental and

emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff demands  an order reinstating her to her position at with an appropriate accommodation together with full back pay, seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement; judgment against Defendant for compensatory and punitive damages for lost wages, benefits, and other benefits, restoration of her seniority, emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees.  Plaintiff seeks an award of liquidated damages plus  her costs and attorneys fees  together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        s/Francis J. Landry
        Francis J. Landry
        Attorney for Plaintiff, Kathleen Vilfroy

### JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

        s/Francis J. Landry
        Francis J. Landry